## SUPREME COURT.

### Hewitt agt. Howell and others.

Where the defendant has appeared generally in the action, an *irregularity* in the summons, (asking judgment under the 1st, instead of relief under the 2d sub. of *section* 129 of the Code,) is *waived*. (*See the several authorities to this point cited in the opinion.*)

An application for leave to amend a summons should be upon *notice* (§ 414,) where there has been a general appearance.

In an action brought to recover damages for the loss of goods delivered to defendants as common carriers, it is irregular on application for judgment, to order a *reference* to ascertain the damages, where it is not pretended that the case involves the examination of a long account. The damages should be assessed by a *jury*.

*Albany Special Term, December,* 1852. Motion to set aside proceedings for irregularity. The action was commenced by the service of a summons and complaint. The summons stated that if the defendants failed to answer the complaint the plaintiff would take judgment against them for $1000, with interest and costs. The cause of action set forth in the complaint is the loss of certain goods delivered to the defendants as common carriers. On the 4th of August, 1852, the defendants appeared by an attorney. On the 23d of September, the plaintiff, without notice to the defendants' attorney, obtained an order, at a

special term, for leave to amend his summons, so as to make it a summons under the *second* sub-division of the 129th section of the Code, instead of the *first*. On the 30th of November, upon notice to the defendants' attorney that he would apply at a special term for the relief demanded in his complaint, the plaintiff obtained an order referring it to a referee to ascertain the amount of his damages, and on the next day, upon the report of the referee, obtained without notice of hearing, a judgment, which was perfected, and execution issued thereon. Notice of the re-adjustment of the costs was, on the same day, served upon the defendants' attorney. The defendants moved to set aside the summons and complaint, and all the subsequent proceedings, for irregularity.

H. SACIA, *for Plaintiff.*

H. HARRIS, *for Defendants.*

HARRIS, J.—The plaintiff's proceedings have been irregular from the beginning. The plaintiff's cause of action belonged to the *second*, and not the *first* sub-division of the 129th section of the Code. His summons was, therefore, irregular. Flynn agt. The Hudson River Rail Road Company, (6 *How.* 308.) But the defendant, by appearing in the action, waived this irregularity. He admitted himself to be regularly in court, and it is therefore immaterial what was the form of the summons, or, indeed, whether there was any summons at all. Dix agt. Palmer, (5 *Howard*, 233,) Webb agt. Mott, (6 *Howard*, 439.) In the latter case, it was well said by Mr. Justice CRIPPEN, that " the defendant cannot suffer by the variance between the summons and complaint. The latter contains the cause of action, and the defendant is informed thereby, of every fact necessary for him to know in order to protect himself against an unfounded claim."

The application for leave to amend, without notice to the defendants' attorney, was also irregular. The 414th section of the Code, as amended in 1849, entitles a defendant who has given notice of appearance in the action, to notice of all the *ordinary* proceedings in the action. The Code of 1848 had

dispensed with such notice, when the defendant had omitted to answer or demur. Hence the specific provision in the second sub-division of the 246th section, requiring, in case of default, notice to the defendant of the time and place of making application for the relief demanded by the complaint. This provision would have been unnecessary had the last clause of the 414th section been added to the 375th section of the Code of 1848. By the adoption of that general provision in the revision of 1849, the provision for notice, in the 246th section, and some other similar provisions for notice in specific cases, became useless. It would have been better, perhaps, if these special provisions had been stricken out, for they tend now to mislead by inducing the practitioner, who happens to overlook the general provision added to the 414th section, to conclude, that in cases, not thus specifically mentioned, no notice is requisite.

But, by omitting to move to vacate the order for leave to amend, the defendants' attorney must be deemed to have submitted to the amendment. Besides, the amendment was, in fact, unnecessary. We have seen that by his general appearance in the action, the defendants' attorney had waived the irregularity which the order to amend was intended to cure.

The order of reference obtained by the plaintiff was also unauthorized by law. The action was brought to recover damages for the loss of goods delivered to the defendants, as common carriers. It is not pretended that the case involved the examination of a long account. Under such circumstances it was necessary that the damages should be assessed by a jury. No other mode of proceeding is prescribed by the Code. None of the provisions for a reference specified in the *second* sub-division of the 246th section of the Code, are applicable to such a case. The order of reference, therefore, and all subsequent proceedings in the action, must be set aside as irregular and void. I think, too, that the defendants are entitled to the costs of this motion, but, as it was suggested upon the argument, that the costs of a former motion were awarded against the defendants,

the rule to be entered upon this motion may provide that the costs now awarded to the defendants be set off against the costs awarded against them upon the former motion.